PUERTO RICO LABOR RELATIONS BOARD ET AL., Petitioners, *v.* CARIBBEAN TOWERS, INC., Defendant.

No. O-70-130.     Decided February 2, 1971.

*Gilberto Gierbolini, Solicitor General,* and *Marta Ramírez Vera, Assistant Solicitor General,* for petitioners. *Carlos A. Todd* and *Octavio Jiménez* for defendant.

PER CURIAM: The Puerto Rico Labor Relations Board requests this Court to enforce an arbitration award rendered on January 29, 1970, against the employer Caribbean Towers, Inc., 29 L.P.R.A. § 70(2)(c).

On October 29, 1969, Julio Cruzado Pérez, unionized employee of the Caribbean Towers, working as assistant of the parking lot of the building of the same name in Miramar, was discharged by the latter. A controversy having arisen between the Union and the employer in relation to the discharge of the employee, the parties, according to the procedure fixed in the collective bargaining agreement for the settlement of disputes of this nature, after numerous negotiations, requested that the Conciliation and Arbitration Bureau of the Department of Labor designate an arbitrator to entertain the matter. The submission agreement submitted to the arbitrator was as follows:

"To determine whether or not the discharge of the worker, Julio Cruzado Pérez, was justified."

On January 16, 1970, a hearing was held before the arbitrator and on January 28, 1970, he rendered his award in which he decided, after making findings of fact, that the discharge was not justified and he proceeded to modify the penalty imposed for a disciplinary suspension of thirty (30) working days, starting on October 29, 1969, ordering the employee's reinstatement and the payment of the earnings not received as a consequence of the discharge, with the exception of the thirty days corresponding to the disciplinary penalty.

The Caribbean Towers refused to comply with the arbitration award. It alleges that the award is void because (1) the arbitrator exceeded his jurisdiction, since the parties only submitted to him the question of whether or not the penalty was justified, and not whether the latter was excessive; and (2) the award is contrary to the evidence and to law.

We have carefully examined the record of the case and we find nothing to justify the position of the Caribbean Towers. The procedure for the settlement of disputes between the Union and the Caribbean in relation to discharges is contained in Art. VI, subd. B of the collective bargaining agreement which provides:

"B. The arbitrator shall have jurisdiction in cases where the Union may allege that the employee or employees has (have) been suspended without just cause, if in such case the arbitrator determined, on the basis of the preponderance of. the evidence submitted, that the employee was suspended or discharged without just cause, the arbitrator shall order the Company to take such affirmative action, including the reinstatement of the employee or employees affected, with or without back pay, which in the opinion of the arbitrator may be necessary to carry into effect the decision of the same; provided, however, that in order that the Union or an employee may be entitled to bring a case of discharge or suspension before the Manager of the Company, and/or the arbitrator, the affected employee must have worked for the Company for at least thirty-one (31) working days."

In the aforecited language, the Union and the Caribbean conferred jurisdiction on the arbitrator in order that in case he determined that an employee was discharged without just cause, he could order the employer to take affirmative action, *including the reinstatement with or without back pay.* Therefore, although in the *submission* agreement the parties did not specify so, by virtue of the collective bargaining agreement jurisdiction had already been conferred on the arbitrator. The agreement specifies that the arbitrator *is* bound to decide according to law. The submission agreement together with the collective bargaining agreement establish in this case the law for the parties in the arbitration proceeding. In *Labor Rel'n Board* v. *Soc. Mario Mercado e Hijos*, 74 P.R.R. 376, 380 (1953), we decided that in the absence of an express provision on the contrary in the collective bargaining agreement, the arbitrator "was empowered (1) to find

that even if the facts on which the employer predicated the discharge were true, discharge was too drastic a penalty, and (2) to modify the penalty."

The evidence before the arbitrator established the following facts:

Julio Cruzado Pérez was working for the Caribbean Towers as assistant in the parking lot. At the entrance of the parking lot of the Company there is an electronic machine which issues tickets indicating the date and hour in which the user enters. When the user leaves in his automobile, he delivers the ticket received to the assistant of the parking lot and the latter proceeds to stamp it in a special clock utilized for such purpose, thus determining the time that the vehicle has been parked, and on said basis he charges a fee. For the discharge of these functions, the assistant of the parking lot is provided with a desk with drawers, a chair, and some money in cash. Upon completion of his shift, the assistant of the parking lot proceeds to deposit the money in cash, the tickets, and the money collected in a bag, which he deposits personally in a box installed for that purpose. In the operations of the parking business of the Caribbean Towers, there are two shifts: the first one is from 7:00 a.m. to 3:00 p.m. and the second one, from 3:00 p.m. to 9:00 p.m. Julio Cruzado Pérez worked in the second of these shifts.

On October 28, 1969, at the termination of his shift, at 9:00 p.m., he did not deposit the bag with the money and the tickets in the corresponding box, and instead he left it in one of the drawers of the desk he utilized in the discharge of his work. At 9:10 p.m. of that same day, the watchman of the parking lot found the bag when he was going to deposit a ticket in the drawer of the desk. The watchman took the bag and deposited it in the box with a note indicating that that was the bag that Julio Cruzado Pérez had heedlessly left in the drawer of the desk. Julio Cruzado Pérez denied that he

had forgotten the bag and affirmed that he had deposited it personally in the box.

In the light of the evidence justifying these facts, we cannot agree with the Caribbean in that the award is contrary to the evidence. The arbitrator had authority to decide as he did after having determined that the negligence of Julio Cruzado Pérez was not so serious as to warrant his discharge. The submission agreement as well as the collective bargaining agreement having failed to state anything to preclude the arbitrator from modifying the penalty, the arbitration award is valid and binding on the parties in this case.

The Caribbean alleges that the Board was bound to hold a public hearing before deciding to institute the present appeal before this Court, 29 L.P.R.A. §§ 66 and 70(2)(a) and (b). This contention lacks merit. Section 9(2)(C) of the Puerto Rico Labor Relations Act, 29 L.P.R.A. § 70(2)(c), which permits this action by petitioner, does not establish that the parties are entitled to a public hearing before the Board presents its petition before this Court. It does not provide either that the Board should previously require the employer to comply with the arbitration award before resorting to this Court. As we pointed out in *Labor Relations Board* v. *Eastern Sugar*, 69 P.R.R. 763, 766 (1949):

"... the better practice in cases involving arbitration awards should always be that the Board require the party bound to comply with it to do so, and resort to this Court solely on the refusal to comply with the award."

In this case the Board made this request to defendant.

Lastly, the Caribbean assigns that the request of the Board to the effect that the former be ordered to pay Julio Cruzado Pérez a sum equal and additional to the amount owed for loss of earnings, as a consequence of his discharge, does not lie.

■ In the case of *Beauchamp* v. *Dorado Beach Hotel*, 98 P.R.R. 622 (1970), this Court determined that the additional payment equal to the amount for the unpaid wages is proper, as a necessary conclusion of the arbitration award, because it is so prescribed by the statute on hours and wages, 29 L.P.R.A. § 282, which embodies the public policy of the country on this matter, and by reason that this statute is considered as part of the contract of hire. In the last paragraph of the opinion the prospective nature of the same was established. The arbitration award in the present case was rendered on January 29, 1970, before the adoption of the doctrine in the case of *Beauchamp* v. *Dorado Beach Hotel*, *supra*, for which reason it is not applicable to this case. We agree with defendant that the payment of the penalty in the present case is not proper.

For the reasons previously set forth, judgment shall be rendered (1) enforcing the award rendered by the arbitrator in this case and, (2) ordering the Caribbean Towers, Inc., to comply with said award and to pay Julio Cruzado Pérez only the sum for unpaid wages, pursuant to the decision in the arbitration award.

Mr. Justice Santana Becerra did not participate herein.